IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AUG 1 9 2021

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JAMES A. METCALF )
    Plaintiff, )
       )
       )
       )
V.      )     Civil Action No. 3:21cv177
       )
       )
THE GEO GROUP, INC., et al., )
    Defendants. )
       )

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, James A. Metcalf, inmate, pro se, submits this MEMORANDUM in Opposition to Defendants Lewis and Herrick's Motion for Summary Judgment. Plaintiff is an inmate in the custody of the Virginia Department of Corrections ("VADOC") who is currently incarcerated at Lawrenceville Correctional Center ("LVCC") and was housed at LVCC at all times relevant to this lawsuit. Plaintiff has filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his Constitutional rights under the Eighth Amendment. Plaintiff's claims against the Defendants are that Defendant Lewis and Herrick were deliberately indifferent to his serious medical needs under the theory of Supervisory Liability because LVCC is contracted by the Virginia Department of Corrections ("VADOC") as the private for-profit prison corporation for the management and operations of LVCC. ( ECF No. 1, ¶¶ 119-128).

1

## I. STATEMENT OF UNDISPUTED FACTS

1. Plaintiff is an inmate incarcerated with the VADOC who was housed at all relevant times at LVCC.

2. LVCC is a private, for-profit, prison operated by the GEO Group, Inc. (Defendant GEO). (ECF No. 1, ¶ 1).

3. Defendant Deborah Lewis was the Regional Ombudsman for the Eastern Region of VADOC at all times relevant to this lawsuit. (Lewis Aff. ¶ 1).

4. Stephen Herrick was the Director of Health Services for VADOC at all times relevant to this lawsuit. (Herrick Dec. ¶ 1).

5. VADOC Operating Procedure ("OP") 866.1, Offender Grievance Procedure, is a mechanism for inmates to resolve complaints, appeal administrative decisions, and challenge the substance of procedures. The process provides corrections administrators a means to assess potential problems and if necessary, correct those problems in a timely manner. (Lewis Aff. ¶ 4 and Enclosure A of Defendants' Motion).

6. VADOC OP 720.1, Access to Health Services is the mechanism and procedure that establishes general procedures for offenders incarcerated in Department of Corrections facilities to access medical services and ensures that offenders know how to access health care system for emergencies and routine medical care. (ECF No. 1, Ex. C).

2

7. VADOC OP 720.1 § IV., B.6. (page 4 of 6) states "The Offender Grievance Procedure is an important component of the facility Continuous Quality Improvement Program. (OP 701.2)

    a. This process allows offenders to question or express concerns about health care services." (ECF No 1, Ex.C)

8. Inmates are oriented to the Offender Grievance Procedure when they are initially received into the VADOC system, as well as each time they are transferred to a different facility. (Lewis Aff. ¶8).

9. Prison staff should respond to the inmate's Informal Complaint within 15 calendar days to ensure that informal responses are provided prior to the expiration of the thirty (30) day time period in which an inmate may file his regular grievance. If the inmate is dissatisfied with the response to the Informal Complaint, or in the absense of a timely response, the inmate may submit a Regular Grievance on the issue and attach the Informal Complaint receipt as documentation of the attempt to resolve the issue informally. (Lewis Aff. ¶7, Enclosure A, page 7 of 14 @ 3).

10. Level II reviews are conducted by the Regional Administrator, Health Services Director, Superintendant for Education, or Chief of Operations for Offender Management Services. Medical complaints are final at the Level II review level.

11. In her role as Regional Ombusman, Defendant Lewis reviewed the intake decisions made by LVCC Grievance Coordinator, as

to Plaintiff's regular grievances related to the allegations in this lawsuit. (Lewis Aff. ¶ 6).

12. On December 2, 2019, an appeal was received from the Plaintiff ("Metcalf") contesting the rejection of intake for a Regular Grievance complaining that he was not seen by a health care professional within 72-hours of submitting a request form on October 18, 2019. The grievance was rejected at the institutional level because Metcalf did not attach his Informal Complaint, however he did attach the Informal Complaint Receipt after not receiving a response in the 15 day requirement, per policy, yet LVCC still denied intake on the Grievance and Defendant Lewis upheld the intake decision. (Lewis Aff. ¶ 10, Enclosure B; ECF No. 1, Ex. I and J.)

13. The grievance concerning mail distribution is not an issue herein this lawsuit.

14. On August 11, 2020 Plaintiff submitted a Regular Grievance complaining that he had not been seen by Dental for any follow up since February 11, 2020 and he attached the Informal Complaint Receipt after not receiving a response in the 15 day time frame, per policy (ECF No. 1, Ex. S ¡ U). LVCC denied intake stating that the response was sent on 8/17/2020, however the due date for the response was 8/11/2020 (see ECF No 1 Ex U, 2 of 2), Defendant Lewis upheld the intake denial by LVCC. (ECF No 1, Ex. U page 1).

4

15.   On February 11, 2021, an appeal was received from Metcalf of a complaint alleging a delay in his receipt of Medication. Metcalf deposited his regular grievance in the institutional mailbox on January 19, 2021, but it was not stamped "Received" until February 4, 2021 some sixteen (16) days later, and that the complaint should have been accepted as timely filed. Defendant Lewis upheld the intake decision, but not because it was timely filed but because the delay in providing pain medication "Does not affect you personally- did not cause harm/risk." (Lewis Aff. ¶ 12 and Enclosure D).

16.   Defendant Herrick is not a medical professional. He does not make decisions about inmates' medical and dental treatment nor does he determine whether an inmate is referred to a specialist for evaluation. (Herrick Dec. ¶ 4).

17.   Herrick's job is to ensure compliance with the medical operating procedures at the institutional level. (Herrick Dec. ¶ 5).

18.   As the Director of Health Services, Defendant Herrick manages the overall operation of the VADOC Health Services. In this capacity, he issues Level II responses to inmate grievances concerning medical treatment. (Herrick Dec. ¶ 7).

19.   On April 14, 2020, the Chief of Operations for Health Services, J. Dillman, who signed the Offender Grievance Response for the Health Services Director as his agent, responded to Metcalf's

5

appeal of grievance LVCC-20-REG-00015. (ECF No. 1, Ex. Q).
The Level I response provided by the Warden of LVCC,
also not a medical professional, advised that Metcalf had
been seen by the provider on January 15, 2020, at which
time three (3) teeth were extracted, 36 days after he
submitted a request for treatment. Upon investigation at
Level II, it was determined that Metcalf's dental complaints
were being addressed by staff at LVCC ignoring the violation
of policy where Metcalf was not seen by a health care
provider within 72 hours of his initial complaint, it
took 36 days to be seen, violating VADOC policy 720.1
(ECF No. 1, Ex C. § IV., B. 3. page 4of6).

20.    On February 11, 2021, Mr. Dillman, Defendant Herrick's
agent signed for the Health Services Director, providing the Level
II response to Metcalf's grievance LVCC-20-REG-00190. The
Level I response advised that due to restrictions necessitated
by the pandemic, the Dental Department at LVCC could only
perform dental exams, not dental procedures, yet at the time
of the grievance Metcalf had not been seen by dental since
January 2020, Pre COVID. The Level I response was upheld,
denying the appeal. (Herrick Dec. # 9 and Enclosure B; ECF No. 1,
ex.Z,AA, BB, CC and HH.).

21.    Metcalf was finally scheduled for an offsite dentistry
· appointment twelve months after his last dental visit.

6

## II. ARGUMENTS AND AUTHORITIES

**A.**  Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary" are not material, and summary judgment may be entered even if such immaterial facts are in dispute. Id. A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once this showing has been made, the burden shifts to the nonmoving party to establish the specific material facts that are in dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In considering a motion for summary judgment, the Court views the facts in light most favorable to the nonmoving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014). The Court does not weigh evidence or determine credibility, but instead only determines whether the record demonstrates a genuine dispute of material fact. Id.; Anderson, 477 U.S. at 255. The party opposing a properly

7

supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

B.   **Defendants Violated Plaintiff's Rights Under the Eighth Amendment**

    1.   **Legal Standard**

To state an Eighth Amendment claim related to medical treatment in prison, an offender "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires a plaintiff to allege two distinct elements in support of this claim. First, a plaintiff must allege a sufficiently serious medical need. *Id.* A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Second, a plaintiff must allege that a defendant was deliberately indifferent to his serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A]n official acts with deliberate indifference if he/she had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them." *De Paola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). "Mere negligence or medical malpractice does not constitute

8

deliberate indifference." <u>Lyles v. Stirling</u>, 844 F. App'x 651, 654 (4th Cir. 2021)(citing <u>Estelle</u>, 429 U.S. at 106; <u>Jackson</u>, 775 F.3d at 178).

"[I]n the context of cases involving medical care claims, it is possible for officials not directly involved in the alleged Constitutional violation to be put on sufficient notice of the violation that their failure to act can lead to a claim under Section 1983." <u>Rowe v. Clarke</u>, No. 3:18-CV-780, 2019 WL 2477612, at *4 (E.D Va June 13, 2019)(citing <u>Vance v. Peters</u>, 97 F.3d 987, 992-94 (7th Cir. 1996)). "[G]eneral knowledge of fact creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." <u>Johnson v. Quinones</u>, 145 F.3d 164, 167 (4th Cir. 1998)(citing <u>Farmer</u> 511 US at 837). "The Plaintiff still has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him/her to 'an excessive risk to inmate health or safety [.]'" <u>Vance</u>, 97 F.3d at 993 (quoting <u>Farmer</u>, 114 S. Ct at 1979).

## 2.   <u>Defendant Lewis</u>

Defendant Lewis violated the Plaintiff's Eighth Amendment rights under the theory of supervisory liability when she failed to provide relief for the Plaintiff through his appealed grievances where she tacitly authorized her subordinates to violate VADOC

9

policy on three (3) separate occasions. (ECF No. 1 ¶¶ 32-33, 66-67, 90-91, 119 and 121). Defendant Lewis also violated the Plaintiff's rights when she gained personal knowledge of the Plaintiff's complaints that he was not being seen by LVCC within the proper time frame per VADOC policy and of his serious medical needs through the appeals of LVCC's grievance coordinator's denial of intake of his regular grievances and that her decisions to uphold the rejection was deliberate indifference to his serious medical need by tacitly authorizing the violations of VADOC policy. Defendant Lewis was deliberately indifferent when she ignored her subordinates' offensive practices. (ECF No. 1, ¶ 121).

Defendant Lewis was also deliberately indifferent when she denied the Plaintiff's appeal of his grievance concerning the delay in providing him with medication for his severe toothache, because she said it "Does not affect you personally— did not cause you harm / risk." (Lewis Aff. ¶ 12 and Enclosure D).

## a. Serious Medical Need

"'A serious medical need' is 'one that has been diagnosed by a physician mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Iko*, supra, see also *Shelton v. Angelone*, 183 F. Supp 2d 830, 840 (W.D. Va 2002)(quoting *Cox v. District of Columbia*, 834 F. Supp 439, 441 (D.D.C. 1992)).

Unresolved dental conditions, which cause great pain, difficulty in eating, and deterioration of the health of other

10

teeth is sufficiently serious to meet the Estelle standard. *Brock v. Wright*, 315 F.3d 158; 2003 U.S. App LEXIS 41; 60 Fed. R. Evid. Serv. (Callaghan) 279, (2nd Cir 2003) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2nd Cir 1998). "Similarly we have held that a tooth cavity is a serious medical condition, not because cavities are always painful or otherwise dangerous, but because a cavity that is not treated will probably become so." *Id*.

VA DOC policy 720.6 Dental Services (ECF No. 1, Ex. Y), Section IV, B, 3g page 5 of 10, states "Urgent dental conditions, while not life threatening, have high priority and require prompt attention due to extreme pain or need for immediate intervention to control or prevent the exacerbation of the condition. Examples are:

i. Severe, unrelenting toothaches."
Section IV, B, 3b, states "these offenders will be seen the next availible dental clinical day."

The Plaintiff was evaluated by LVCC Dental on 5/6/2010 where it was noted in his dental records that he has gum disease, he was classified as "Class 2" and required Moderate Treatment at that time. (see exhibit A attached to this memorandum). On 10/18/2019 The Plaintiff submitted an offender request form stating he had been having tooth pain for about three (3) months and requested dental services. Dental did not receive the request for thirteen days. Plaintiff was not seen by any medical care provider until his emergency grievance was submitted

11

on 10/24/2019, where he was given tylenol and grievance was submitted to dental. (See ECF No 1, ex B.). Therefore the evidence shows that at that time the Plaintiff had a serious medical need. On 11/13/2019, twenty-five (25) days after his initial complaint he was seen by LVCC Dental and the tooth was extracted. (see exhibit B, attached) further proof it was a serious medical need.

On 12/12/2019 Plaintiff submitted an offender request form stating that he had a loose tooth that caused him pain. Again Dental did not respond until 12/31/2019, nineteen (19) days later. The Plaintiff was not seen until 1/15/2020 thirty-four days after his request. At this appointment three teeth were extracted, demonstrating that this was also a serious medical need. Furthermore the Dentist noted that he needed seven more teeth extracted and he was scheduled for follow up appointments. (see ECF No 1, ex. M). This prong of the two distinct elements to support a deliberate indifference claim is satisfied by the evidence. Mr. Metcalf had a serious medical need that was diagnosed by a physician and mandated treatment. Additionally, a lay person would also easily recognize the necessity for a doctor's attention.

## b. Deliberate indifference to that serious medical need.

Defendant Lewis acted with deliberate indifference when she gained actual knowledge of the Plaintiff's serious

medical needs and the related risk that LVCC was not
providing adequate dental care in accordance with VADOC
policy, but nevertheless disregarded them. She was put
on sufficient notice, on two seperate occasions and eventually
a third, of LVCC violations and their failure to provide
care within the proper time frame. Defendant Lewis' failure
to act leads to her culpability under Section 1983. She
initially denied the first grievance because Metcalf did
not attach the informal complaint. However Metcalf did
not receive the informal complaint response back within
the proper time frame. Per policy he is then to attach
the informal procedure receipt to the grievance, which
he did and it was received by both LVCC and Defendant
Lewis yet intake was denied. This caused the violation
to go uncorrected and in turn cause delay in treatment
for metcalf's dental needs. (see ECF No. 1, Ex D, I and J.).

Defendants gain Knowledge through offenders grievances
and treatment requests, see _Waters v. The GEO Group_, 2016
U.S. Dist. LEXIS 108524, Action No. 2:15cv282, August 9, 2016.
("Plaintiff's proposed Second Amended Complaint is replete with
allegations that officials at LCC... delayed Plaintiff's medical
treatment on several occasions by ignoring the VDOC's policy
that a prisoner be seen by a physician within two weeks of
evaluation... Moreover, Plaintiff has alleged that supervisory
Defendants gained knowledge through his grievances and

13

treatment requests... Accordingly, the Court finds that the proposed Second Amended Complaint sufficiently alleges that Defendants 'knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated.' *Vance v. Peters*, 97 F.3d 987,994 (7th Cir.1996) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir 1995).)

. Defendant Lewis cannot escape the fact that she knew of the Plaintiff's serious medical needs and of the violation of VADOC Policy because she actually signed each of the denied appealed grievances (ECF No. 1, Ex J., U, EE.), and she was given notice of these violations (ECF No. 1, Ex W and FF). *Waters*, demonstrates that this violation of VADOC policy is systemic and continues at LVCC.

Additionally Defendant Lewis' denial of the Plaintiff's grievance in respect to his delayed medication clearly demonstrates deliberate indifference and personal interference when she justified the denial because she determined that the delay in provision of medication to treat Metcalf's serious medical condition "Does not affect you personally- did not cause harm/risk." "You could have gotten the OTC Motrin from the Commissary".

First, defendant Lewis cannot change the treatment or prescription of a medical physician, she simply reviews grievances to determine if there is policy violations. Metcalf was prescribed 400 mg of motrin every six hours equating to 1600 mg of motrin, per day. (see exhibit C, attached)

14

Commissary only sells packets of 400 mg and offenders can only order 10 packs per commissary. That would provide Metcalf only 2 ½ days worth of medication and commissary orders are filled only three (3) times per month. This would not suffice to alleviate Metcalf's pain. When Metcalf was finally evaluated by Doctor Brown on 1/8/2021 she noted "visible puss" suggesting infection all this time. (See exhibit D, attached)

Second, Defendant Lewis displayed deliberate indifference to Metcalf's serious medical need when she denied the grievance determining that the delay did not affect Metcalf personally-nor cause him harm/risk although Metcalf had continued tooth aches and an infection for over 5 months.

As to the first two regular grievances Defendant Lewis contends that the Plaintiff failed to comply with the filing requirements as he failed to attach the informal complaint, however this is simply not accurate. Policy states that after fifteen (15) day after filing, if a response is not received, the offender may attach the informal complaint receipt as proof that he used the informal process. Both times this was what the Plaintiff did. (See ECF No. 1, Ex I and J; Ex. U). The third contested grievance was filed and placed in the institutional mail on January 19 2021 well within the filing period. _Lewis v. Richmond City Police Dep't_, 947 F.2d 733, 735 (4th Cir. 1991), "complaints

will be deemed filed on the date of delivery to prison authorities or placement into the institutional mail box under the 'prison mail box' rule."

Defendant Lewis had three (3) different occasions of involvement with Metcalf's dental issues and she failed to respond on each account, she clearly had ample information to draw the inference between general facts and the specific risk of harm confronting the Plaintiff. A reasonable fact-finder could easily conclude that Defendant Lewis failed to intervene and prevent the constitutional injury. Metcalf had a serious medical need, she had the knowledge and she turned a blind eye to the violations of her subordinates, therefore she is culpable and a general issue of fact clearly exsists to where a jury could return a verdict in favor of the Plaintiff. Defendant Lewis is not entitled to judgment and the motion should be denied.

### 3.   Defendant Herrick

Defendant Herrick violated the Plaintiff's Eighth Amendment rights under the theory of supervisory liability by failing to properly supervise LVCC Staff to ensure that VADOC policy is followed and that constitutional injuries are avoided. (ECF No. 1 ¶ 123, citing ¶¶ 47, 53, 78 and 97 as well as VADOC OP 701.1, p2.). Defendant Herrick further violated

the Plaintiff's Eighth Amendment rights through deliberate indifference to his serious medical needs when he gained actual or constructive knowledge that the GEO Group defendants were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to the Plaintiff. (ECF No. 1, ¶ 124 citing ¶¶ 47, 53, 78 and 97). Defendant Herrick also violated the Plaintiff's rights when he displayed deliberate indifference when he tacitly authorized the Defendants', his subordinates', offensive practices towards the Plaintiff and their violations of VADOC policy (ECF No. 1, ¶ 126 citing ¶¶ 53 and 97). The evidence before the Court demonstrates that an illegible signature was signed for Defendant Herrick, the Health Services Director, who was identified as J. Dillman, the Cheif of Operations for Health Services, as an agent for the Defendant. (see Herrick Dec. ¶¶ 7 and 8). (see also Enclosures A and B; ECF No. 1, Ex. Q and HH). Therefore the response by J. Dillman, Herrick's agent, is legally imputed to Defendant Herrick. The evidence clearly demonstrates that the Plaintiff did not receive care within the prescribed time frame per VADOC policy, in which Defendant Herrick ensures compliance with the medical operating procedures at the institutional level, (see Herrick Decl. ¶ 5) and he issues Level II responses to inmate grievances concerning medical treatment, (Herrick Dec. ¶ 7) in which in this case he did neither. The issue at bar is not the medical judgment or the actual treatment, it is the substantial delay in treatment which was a

17

clear violation of VADOC policy and caused the Plaintiff to suffer unnecessarily for well over a year, causing constitutional injury to the Plaintiff, in which Herrick declares, he ensures VADOC policy compliance. Defendant Herrick was well supplied with ample information of the policy violations through the Plaintiff's appealed grievances, which Defendant Herrick's submission of Enclosure A and B are disingenuous due to their incompleteness, compare to ECF No. 1, Ex(s) O (2 of 2) and CC (3 of 3), where the Plaintiff expressed his reasoning for the appeal and the VADOC violations. It is rather disturbing that the Commonwealth's Attorney General's office would submit such Enclosures that are clearly not the accurate documentation necessary to represent Defendant Herrick's claims.

Furthermore, the uncontroverted evidence, to include Defendant Herrick's sworn declaration, before this Court, fully contradicts Counsel's assertion that Defendant Herrick had no personal knowledge of the medical care the Plaintiff was or was not receiving. In his own sworn declaration, Herrick states in ¶ 10, " I reviewed all information availible to me when I considered his grievance appeals." (Herrick Dec. ¶ 10). The evidence clearly demonstrates that Defendant Herrick had personal knowledge of the VADOC policies that were violated by his subordinates, because He reviewed all the information when he considered the Plaintiff's appeals, this agent responded to those appeals and he did not rectify

18

the policy violations, which according to his sworn affidavit
was his job. The Plaintiff clearly communicated his issues to
Defendant Herrick through his appealed grievances. These
grievances clearly communicated the Plaintiff's medical complaints
and policy violations to Herrick, providing sufficient notice
alerting him to "an excessive risk to inmate health and safety."
*Vance v. Peters* 97 F.3d 987 992-94 (7th Cir. 1996)(quoting
*Farmer*, 114 S.Ct. at 1979).

    In Herricks sworn declaration ¶ 9., he states that the
Level I response advised that due to restrictions necessitated
by the pandemic, the Dental Department at LVCC could only
perform dental exams, not procedures as of February 11, 2021.
And that Metcalf was scheduled for an offsite dentistry appointment.
However, Metcalf's dental issues were diagnosed in 2019 and
treatment was scheduled for Feb. and Mar. 2020, Pre-Covid. These
appointments were canceled. (ECF No. 1 ¶¶ 43, 48-50 and exhibit B
attached). Offenders were being sent to offsite dentistry appointments
as early as October 5, 2020 to Oral and Maxillofacial Surgeon ("OMS")
(see exhibit E, attached). On 10/21/20, the Plaintiff was seen
by FNP Mansuell in LVCC Medical and noted in his medical records
that he had been referred to the Dentist. However at the time
the Level I (Warden) responded on 12/9/2020 the Plaintiff
had still not been seen by the offsite OMS, and on 12/10/2021
Plaintiff appealed the grievance stating it had been fifty (50)

19

Since he had been scheduled. In fact he was not seen by the offsite OMS until 1/14/2021, and only after Doctor Brown, the then Dentist at LVCC, re-submitted the request for the offsite OMS on 1/8/2021. (see exhibit D, attached). The notion by Defendant Herrick that the delay was exacerbated by pandemic restrictions is a misrepresentation of the facts. Offenders were being seen by offsite dental providers as early as 10/5/2020, see ex E herein. The Plaintiff's dental issues began before COVID-19. Yet treatment was delayed for over a year and still is waiting for fitting of partials / dentures.

Defendant Herrick had two (2) seperate occasions of involvement with the Plaintiff's dental issues and he failed to respond on each account. Defendant Herrick cannot escape culpability. He clearly had ample information to draw the inference between general facts and the specific risk of harm confronting the Plaintiff. A reasonable fact-finder could easily conclude that Defendant Herrick failed to intervene and failed to prevent the constitutional injury suffered by the Plaintiff and is personally liable as the Health Services Director, he was in such position to avoid liability and he did not. Metcalf had a serious medical need and Herrick had personal knowledge of it and he turned a blind eye to the VADOC policy violations of his subordinates, which he enforces policy. Therefore, Defendant Herrick is culpable and a general issue of fact exsists to where a jury could return a verdict in favor of the Plaintiff. Defendant Herrick is not entitled to judgment and the Motion must be denied.

20

## II. CONCLUSION

**WHEREFORE,** Mr. Metcalf's complaint and evidence substantially supports his claims of an Eighth Amendment violation claim against Defendants Lewis and Herrick. A reasonable fact-finder would easily review the evidence provided and draw the conclusion that the Defendants were deliberately indifferent to Mr. Metcalf's serious medical needs. Through his submitted grievances he expressed his medical needs and issues and demonstrated that VADOC policy violations occurred. The Defendants knew of the violations and turned a blind eye to those violations, which ultimately occurred on four (4) seperate occasions. Yet continued to allow their subordinates to cause constitutional injury to the Plaintiff's Eighth Amendment rights.

It is not the Court's responsibility to weigh the truth or falsity of either side's account at this point in the proceedings. Because Mr. Metcalf has provided sufficient evidence in support of his statutory claims, this Court must deny the Defendants' Motion for Summary Judgment as to these claims.

Respectfully Submitted,

James Andrew Metcalf

Date: 8/16/2021
Lawrenceville Virginia

James Andrew Metcalf, Plaintiff, pro se
Inmate No. 1411894
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, Virginia 23868

21

## CERTIFICATE OF SERVICE

I, James Andrew Metcalf, hereby certify that on the 16th day of August 2021, I mailed the foregoing to the Clerk of the Court for filing via U.S. Postal Service, postage pre paid.

I also here-by certify that I mailed a true and correct copy of the foregoing via U.S. Postal Service, postage pre-paid to the following participants:

1.) Stacie A. Sessoms, AAG
Counsel for Defendants Herrick and Lewis
Office of the Attorney General
Criminal Justice and Public Safety Division
202 North 9th Street
Richmond, Virginia 23219

2.) Michael G. Matheson, Esq.
Thompson Mc Mullan, P.C.
100 Shockoe Slip, third floor
Richmond, Virginia 23219
Counsel for Defendants GEO, Breckon, Jones and Green

Respectfully,

James Andrew Metcalf

James A. Metcalf Plaintiff, pro se

Date: 8/16/2021
Lawrenceville, Virginia

22